# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION

SHANE WIRTA :
825 Rebecca Lane :
Orefield PA 18069 :
        Plaintiff :

vs. : File No. 2022-C-0357
JAINDL ENTERPRISES
1519 W Hamilton Street Suite 01 :
Allentown PA 18102 :

        Defendant :

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LEHIGH COUNTY BAR ASSOCIATION

LAWYER REFERRAL SERVICE

P.O. BOX 1324

ALLENTOWN, PENNSYLVANIA 18105

TELEPHONE: 610-433-7094

/s/ Matthew D. Miller
Signature

Matthew D. Miller, Esq.
(Name)
SWARTZ SWIDLER LLC
1101 Kings Hwy N Ste 402, Cherry Hill NJ 08034
(Address)

856-685-7420
(Telephone Number)

**SWARTZ SWIDLER LLC**
Matthew D. Miller, Esq. (ID: 312387)
Richard S. Swartz, Esq. (ID: 80850)
Justin L. Swidler, Esq. (ID: 205954)
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417
Mark Terranova

| | |
|---|---|
| SHANE WIRTA<br>825 Rebecca Lane<br>Orefield PA 18069<br><br>Plaintiff,<br><br>v.<br><br>JAINDL ENTERPRISES<br>1519 W Hamilton Street Suite 01<br>Allentown PA 18102<br><br>Defendant. | COURT OF COMMON PLEAS<br>OF LEHIGH COUNTY<br><br>No. 2022-C-0357<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Shane Wirta (hereinafter referred as "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Jaindl Enterprises ("Defendants").

### INTRODUCTION

1. Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("PWPCL"). Plaintiff asserts that Defendant failed to pay Plaintiff overtime wages in violation of the FLSA and Pennsylvania law. Defendant also failed to pay Plaintiff a promised bonus in violation of the PWPCL.

### PARTIES

2. The foregoing paragraphs are incorporated herein as if set forth in full.

1

3. Plaintiff is an adult individual who worked for Defendant in Pennsylvania.

4. Defendant is a business located and doing business in Pennsylvania at the address set forth above.

5. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. On or around March 12, 2020, Defendant offered Plaintiff a position.

8. Per the March 12th Offer Letter, Plaintiff would work as a Marketing Consultant for the initial 89 days of his employment and then transition to becoming Defendant's Director of Marketing.

9. However, Plaintiff's tenure as Marketing Consultant lasted 24 workweeks.

10. During Plaintiff's time working as a Marketing Consultant, Defendant paid him an hourly rate of $75.00.

### Failure to Pay Overtime Wages

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. During Plaintiff's time working as a Marketing Consultant, Plaintiff worked around 46 hours per workweek, which included working through a 1-hour meal break each workday and working an average of an hour per workweek during the evenings and/or weekends.

13. Accordingly, Plaintiff worked around 6 overtime hours per workweek.

14. However, Defendant paid Plaintiff no compensation for hours worked more than 40 hours in a workweek, thus failing to pay him his promised hourly rate and overtime wages of

at least one and one-half times his regular rate for the hours worked more than 40 hours in a workweek.

### Failure to Pay Promised Bonus

15. The foregoing paragraphs are incorporated herein as if set forth in full.

16. On or around September 6, 2020, Plaintiff transitioned to the Director of Marketing position and began earning a salary.

17. Pursuant to the March 12, 2020 Offer Letter, Defendant promised to pay Plaintiff a bonus of $10,000 if Plaintiff met "qualitative Key Performance Indicators" ("KPIs") that Defendant would "establish[] at the commencement of" Plaintiff's employment.

18. However, Defendant never established the KPIs, which prevented Plaintiff from being able to earn the promised $10,000 bonus.

19. Defendant did not pay Plaintiff the $10,000 bonus.

20. The aforementioned conduct has caused damages to Plaintiff.

### COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to pay Overtime Compensation)

21. The foregoing paragraphs are incorporated herein as if set forth in full.

22. At all times relevant herein, Defendant has been and continues to be an "employer" within the meaning of the FLSA.

23. At all times relevant herein, Defendant is responsible for paying wages to Plaintiff.

24. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the FLSA.

25. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than forty hours per workweek.

26. Defendant's violations of the FLSA include not paying Plaintiff and at least 1.5 times his regular rate for hours worked more than 40 hours in a workweek.

27. Defendant's conduct in failing to pay Plaintiff properly is and was willful and is and was not based upon any reasonable interpretation of the law.

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to pay Overtime Compensation)

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the PMWA.

31. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

32. At all times relevant herein, Plaintiff was employed with Defendant as an "employee" within the meaning of the PMWA.

33. Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than forty hours in a workweek.

34. Defendant's conduct in failing to pay Plaintiff proper overtime compensation for all hours worked more than 40 per workweek violated the PMWA.

35. Defendant's conduct in failing to properly pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

36. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT III
### Violations of the Pennsylvania Wage Payment Collection Law ("PWPCL")
**(Failure to Pay Wages Earned)**

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

39. Defendant's violations of the PWPCL include, but are not limited to, failing to pay Plaintiff his hourly rate for all hours worked, failing to pay Plaintiff all wages owed under the PMWA, and failing to pay Plaintiff his performance bonus of $10,000.

40. Defendant's conduct in failing to pay Plaintiff and properly was willful and not based upon any reasonable interpretation of the law.

41. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2) Defendant is to compensate Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay;

(3) Plaintiff is to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages for unpaid overtime wages in this case;

(4) Plaintiff is to be awarded, pursuant to the PWPCL, liquidated damages in an amount equal to 25% of the actual damages for unpaid overtime wages and unpaid bonus in this case;

(5)  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(6)  Plaintiff is to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*s/ Matthew D. Miller*
Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: January 6, 2022

## DEMAND TO PRESERVE EVIDENCE

1.  Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## VERIFICATION

I, Shane Wirta, hereby state that the facts above set forth are true and correct to the best of my knowledge, information, and belief, and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities).

Feb 13, 2022
DATE

*Shane T Wirta (Feb 13, 2022 13:05 EST)*
SIGNATURE

**SWARTZ SWIDLER LLC**
Matthew D. Miller, Esq. (ID: 312387)
Richard S. Swartz, Esq. (ID: 80850)
Justin L. Swidler, Esq. (ID: 205954)
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417

| | |
|---|---|
| SHANE WIRTA,<br><br>  Plaintiff,<br><br>v.<br><br>JAINDL ENTERPRISES,<br><br>  Defendant. | COURT OF COMMON PLEAS<br>OF LEHIGH COUNTY<br><br>No.<br><br>**ACKNOWLEDGMENT OF SERVICE** |

On behalf of Defendant Jaindl Enterprises, undersigned counsel hereby accepts service of the following documents this 16th day of March, 2022.

1. Complaint;
2. Notice to Defend;
3. Plaintiff's First Set of Interrogatories; and
4. Plaintiff's First Set of Document Requests.

Edward J. Easterly, Esq.
**HOFFMAN HLAVAC & EASTERLY**
1605 North Cedar Crest Blvd., Suite 517
Allentown, PA 18104
Phone: (484) 408-6004
Fax: (484) 408-6018

Date: March 22, 2022

1

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Lehigh County

*For Prothonotary Use Only:*

Docket No: 2022-C-0357

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| Commencement of Action: | | |
|---|---|---|
| ☒ Complaint | ☐ Writ of Summons | ☐ Petition |
| ☐ Transfer from Another Jurisdiction | | ☐ Declaration of Taking |

Lead Plaintiff's Name: Shane Wirta

Lead Defendant's Name: Jaindl Enterprises

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits

Is this a *Class Action Suit*? ☐ Yes ☒ No

Is this an *MDJ Appeal*? ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Matthew D. Miller, Esq.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case**: Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☒ Other: Wage and Hour Violations

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.  Cover Sheet**

(a)(1)  This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i)  actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii)  actions for support, Rules 1910.1 et seq.

    (iii)  actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv)  actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v)  actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi)  voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)  At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)  The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)  The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)  A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)  The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.